UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

YANSIE GEAN NORMENT,

    Petitioner,

v.                                          CAUSE NO. 3:19-CV-361-DRL-MGG

WARDEN,

    Respondent.

OPINION & ORDER

Yansie Gean Norment, a prisoner without a lawyer, filed a habeas petition under 28 U.S.C. § 2254 to challenge his conviction for cocaine dealing under Case No. 20D03-802-FA-17 from the Elkhart Superior Court. He argues that he is entitled to habeas relief because the state court vacated a battery conviction in Case No. 20D01-501-FC-3. He maintains that this vacated conviction invalidates the proceedings for the cocaine dealing conviction because the battery conviction affected his decision to plead guilty to cocaine dealing and because the trial court considered the battery conviction at sentencing. In response, the Warden argues that the habeas petition should be dismissed as untimely.

On November 3, 2005, Mr. Norment pleaded guilty to domestic battery with a prior conviction, and the trial court sentenced him to three years of incarceration. ECF 8-11. On February 17, 2010, Mr. Norment pleaded guilty to cocaine dealing; and, on March 15, 2010, the Elkhart Superior Court sentenced him to thirty-five years of incarceration. ECF 8-1 at 11-12. He did not challenge either conviction on direct appeal. On December 11, 2012, he initiated post-conviction proceedings to challenge the cocaine dealing conviction, but the Elkhart Superior Court denied relief; and, on December 15, 2014, the Indiana Court of Appeals affirmed the denial. ECF 8-3, ECF 8-6. On January 22, 2016, Mr. Norment initiated post-conviction proceedings to challenge the battery conviction. ECF 8-8. On March 19, 2018, he amended his petition to include a claim that trial counsel was ineffective

for allowing him to plead guilty when he did not have a prior conviction as defined by the relevant criminal statute. ECF 8-9. On February 21, 2019, the Elkhart Superior Court found in Mr. Norment's favor based on that ineffective assistance claim and vacated the battery conviction. ECF 8-11. On May 6, 2019, Mr. Norment initiated this case by filing a habeas petition. ECF 1.

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The parties' dispute focuses on whether the habeas petition is timely under § 2244(d)(1)(D)—particularly, the date on which the factual predicate of Mr. Norment's habeas claims could have been discovered through the exercise of due diligence.

Mr. Norment contends that the trigger was the order vacating the battery conviction on February 21, 2019, so his petition is timely because he filed it within one year of that date. The Warden contends that the factual predicate for the habeas claims is the same as the factual predicate for the

2

ineffective assistance claim that formed the basis of the decision to vacate the battery conviction. The Warden reasons that Mr. Norment was necessarily aware of the factual predicate of his habeas claims by the date he amended his state post-conviction petition to include that ineffective assistance claim, or March 19, 2018. He further reasons that the post-conviction proceedings for the battery conviction did not toll the limitations period to file a habeas petition on the cocaine dealing conviction because these convictions did not stem from the same criminal proceedings. He concludes that the limitations period thus expired by March 19, 2019, which renders the habeas petition untimely.

*Johnson v. United States*, 544 U.S. 295 (2005), applied near identical language of 28 U.S.C. § 2255(f)(4) to similar facts.[1] On February 13, 2001, the habeas petitioner challenged his enhanced federal sentence from November 1994 based on the invalidation of his state convictions from 1983 through 1993. *Id.* at 298; *Johnson v. United States*, 340 F.3d 1219, 1221 (11th Cir. 2003). He argued that the habeas petition was timely because he could not have discovered the invalidation of state convictions until the Georgia court issued the order vacating them on October 24, 2000. *Johnson*, 544 U.S. at 304. In resolving the timeliness issue, the Supreme Court found that the order vacating the state conviction was the key factual predicate for the habeas claim. *Id.* at 308. However, the Supreme Court also observed that this factual predicate was unusual because the petitioner had significant control over when it was discoverable. *Id.* Stated otherwise, he could have expedited or delayed the issuance of the order vacating the state conviction by expediting or delaying the filing of his petition in the Georgia court. *See id.* The Supreme Court reasoned that he was required to exercise due diligence in challenging his state convictions once it became clear that the state convictions affected his federal conviction. *Id.* at 308-09. The Court concluded that the habeas petition was untimely because he did

---

[1] This statutory provision governs the limitations period for habeas petitions challenging federal convictions and reads, "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

3

not initiate a challenge to his state convictions until more than three years after he received his sentence for his federal conviction. *Id.* at 310-11.

Applying the reasoning of *Johnson* to this case, the court finds that Mr. Norment should have begun exercising due diligence in challenging his battery conviction when he learned of its effect on his conviction and sentence for cocaine dealing in March 2010. At that time, he knew the facts necessary to challenge his battery conviction even if he did not understand their legal significance. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Mr. Norment didn't challenge his battery conviction in court until January 2016, and he offers no explanation for why he did not act more promptly. Given this nearly six-year delay, the court finds that, if Mr. Norment had exercised due diligence, he could have obtained the order vacating the battery conviction at least one year sooner. Consequently, Mr. Norment could have discovered the factual predicate for his claims through the exercise of due diligence by February 21, 2018, if not much sooner. He did not file his habeas petition until more than one year later on May 6, 2019. His habeas petition is thus untimely.

On a separate note, Mr. Norment has asserted in various filings that the Indiana Department of Correction has not correctly accounted for the vacated conviction in executing his sentence for the cocaine dealing conviction and that he should now be released. ECF 15, 26. It is unclear whether these filings are an attempt to amend the habeas petition in this case and to include these assertions as additional claims for federal habeas relief. If so, they would have constituted a piecemeal amendment without leave of court and would have thus been procedurally deficient. *See* Fed. R. Civ. P. 15(a)(1)(A); N.D. Ind. L.R. 15-1(b). Further, such an amendment would have been futile as there is no indication that Mr. Norment has filed a habeas petition in state court. *See Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. App. 2020) ("A defendant is entitled to a writ of habeas corpus if he or she is unlawfully

incarcerated and is entitled to immediate release."). Pursuing habeas relief at each level of the state courts would have been necessary for him to exhaust his state court remedies with respect to these claims. *See* 28 U.S.C. § 2254(b)(1); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Mr. Norment to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Yansie Gean Norment a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

December 9, 2020                               *s/ Damon R. Leichty*
                                               Judge, United States District Court